# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO MINA, | Case No. 1:23-cv-01665-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEFF MACOMBER, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On September 28, 2023, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1.) On October 3, 2023, the petition was transferred to the Central District of California because Petitioner wrote that the petition is challenging a judgment from the Riverside County Superior Court. (ECF No. 2.) On November 29, 2023, the United States District Court for the Central District of California ordered that the petition be transferred back to the Eastern District "because Petitioner was convicted in the Madera County Superior Court, as confirmed by the abstract of judgment attached to the Petitioner . . . and in the Petition he

///

1

challenges his sentence." (ECF No. 7 at 1–2.)[1] On November 30, 2023, the petition was transferred. (ECF No. 8.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner states that an "unauthorized sentence may be corrected anytime for due process." (ECF No. 1 at 13 (capitalization omitted).) Petitioner appears to assert that "his sentence is unauthorized because of invalidated nonpunitive fines and fees under new authority of AB 1869 and AB 177"[2] and alleges that the superior court did not address this claim in its denial of Petitioner's state habeas petition and thus, the state court's denial was "contrary to law and [an] unreasonable determination of facts, which denied due process." (Id. at 15.)

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*,' (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

To the extent Petitioner seeks federal habeas relief based on the superior court's failure to address his claim regarding allegedly unlawful imposition of nonpunitive fines and fees in

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "In enacting AB 1869 on September 18, 2020, and AB 177 on September 23, 2021, the Legislature sought to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and sought to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." People v. Hernandez, No. B315983, 2023 WL 3243350, at *16 (Cal. Ct. App. May 4, 2023).

denying Petitioner's state habeas petition, the Court finds that such a claim is not cognizable because "a petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). Accord Cooper v. Neven, 641 F.3d 322, 331–32 (9th Cir. 2011). To the extent Petitioner seeks federal habeas relief based on the allegedly unlawful imposition of nonpunitive fines and fees, the Court finds that Petitioner's challenge to the fines and fees "lacks any nexus, as required by the plain text of § 2254(a), to his custody." Bailey, 599 F.3d at 981. "Because courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order," and "the elimination or alteration of a money judgment . . . does not directly impact—and is not directed at the source of the restraint on—[Petitioner's] liberty," the Court finds that the petition should be dismissed. Id. at 984, 981.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 19, 2023**

UNITED STATES MAGISTRATE JUDGE