UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO MINA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | No. 1:23-cv-01665-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 13) |

Petitioner Wilfredo Mina is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 19, 2023, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for failure to state a cognizable claim. Doc. 13. The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* at 3. On January 2, 2024, petitioner filed timely objections. Doc. 14.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis.

Petitioner's objections assert that he can present a claim regarding unlawful fines and fees in a habeas corpus proceeding because the Supreme Court addressed the unconstitutionality of certain fines in *Southern Union Co. v. United States*, 567 U.S. 343 (2012).  Doc. 14 at 2. However, even assuming petitioner is correct that the fine imposed on him was unlawful, a habeas corpus petition is not the appropriate vehicle to challenge the imposition of a fine. *Bailey v. Hill*, 599 F.3d 976, 980–81 (9th Cir. 2010).  A habeas corpus petition must challenge a conviction or a custodial sentence.  *See id.* at 978–79; 28 U.S.C. § 2254(a) ("The [court] shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." (emphasis added)).  Petitioner's challenge to his fine is not a challenge to a conviction or custodial sentence and cannot be pursued through a federal habeas petition.  *Id.* at 981 ("[T]he remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty . . . [so there is no] jurisdiction over his habeas petition.").

Petitioner's objections otherwise fail to meaningfully address the findings and recommendations, and instead appear to assert that he was denied the right to counsel.  *See* Doc. 14.  However, this claim is not asserted in his petition.  *See generally* Doc. 1.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should

be allowed to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 19, 2023, Doc. 13, are adopted in full;

2. The petition for writ of habeas corpus is dismissed;

3. The Clerk of Court is directed to close the case; and

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 19, 2024

_____
UNITED STATES DISTRICT JUDGE